UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON WYATT ENGEL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DEARBORN HEIGHTS,<br><br>Defendant. | Case No. 26-cv-14193<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER PROHIBITING PLAINTIFF FROM COMMUNICATING WITH JUDICIAL OFFICERS**

Plaintiff Jason Wyatt Engel, proceeding pro se, brings this action under 42 U.S.C. § 1983 against Defendant City of Dearborn Heights. ECF No. 1. Although the action has not been referred to the undersigned, Engel's conduct warrants entry of this order.

On November 4, 2026, Engel directly emailed the undersigned about this case and a later-filed case and requested procedural guidance about the two cases:

Good afternoon,

I am writing regarding two Dearborn Heights civil cases that were recently opened.

I initially submitted Case No. 26-14193 on Friday evening, October 30, 2026. After realizing I had omitted the civil cover sheet, I submitted a corrected filing on Saturday, October 31, 2026, which also included minor corrections and an additional exhibit.

Both submissions were assigned separate case numbers.

The corrected filing, Case No. 26-14196, is the case I wish to proceed with. I do not intend to pursue Case No. 26-14193 as a separate action.

I would appreciate guidance on the proper procedure to resolve this duplicate filing.

Thank you for your assistance.

Respectfully,

Jason Engel
Sui Juris

Under Canon 3(A)(4) of the Code of Conduct for United States Judges, "a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers." Ex parte communications are permitted in narrow circumstances, such as "for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage." Canon 3(A)(4). Likewise, the Michigan Rules of Professional Conduct prohibit attorneys from communicating ex parte with a judge about a pending case, unless authorized to do so by law or court order. Mich. Pro. Conduct R. 3.5(b).

Engel's email violates these rules. First, it is inappropriate for Engel to directly email the undersigned under any circumstances. *See In re S.D. Brenner III, L.L.C.*, No. DG 11–08112, 2014 WL 4536645, at *1 (W.D. Mich.

Bankr. Sept. 9, 2014) ("Communicating directly with the court, especially using a judge's personal email address, is patently unorthodox, if not simply improper."). If Engel needs to communicate with the Court, he must contact judicial chambers or the Clerk's Office by telephone. Second, the substance of Engel's email was inappropriate, as he asked for procedural guidance on his case. Offering legal advice to litigants "is beyond the purview of the court's judicial role and can result in the subversion of the court's neutrality." *In re McFadden*, 477 B.R. 686, 690 (Bankr. N.D. Ohio 2012); *see also Pliler v. Ford*, 542 U.S. 225, 226 (2004) ("Requiring district court to advise pro se litigants...would undermine district judges' role as impartial decisionmakers.").

Engel is thus **WARNED** not to directly email the undersigned. *See Brenner*, 2014 WL 4536645, at *2 (enjoining litigant from sending email communications to the court).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 4, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **“When an objection is filed to a magistrate judge’s ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.”** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court’s ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager